**NOT FOR PUBLICATION**

| | |
|---|---|
| MICHAEL HASHER, | UNITED STATES DISTRICT COURT |
| Plaintiff, | DISTRICT OF NEW JERSEY |
| v. | Civil Action No. 08-cv-4105 (CCC) |
| GEORGE W. HAYMAN, et al., | **OPINION** |
| Defendants. | |

**DICKSON, U.S.M.J.**

This matter comes before the Court upon application by *pro se* Plaintiff Michael Hasher ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the parties' submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

**I.    Background**

Michael Hasher ("Plaintiff") commenced this action on August 15, 2008 by filing a Complaint pursuant to 42 U.S.C. §1983. Plaintiff is an involuntary civilly committed person pursuant to the Sexually Violent Predator Act ("SVPA"), *N.J.S.A.* 30-4:27.24, *et seq.* Plaintiff was originally housed in the Kearny facility for sexually violent predators ("SVPs"); however, on or about May 12, 2010, he was transferred to the Special Treatment Unit at East Jersey State Prison ("EJSP"). In his Complaint, Plaintiff alleges that he was either ignored or denied surgery for a malignant melanoma on his face for a period of at least sixteen months. Plaintiff asserts five claims for relief: (1) the Defendants have acted in violation of Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual

punishment by their deliberate indifference to his medical needs; (2) the Defendants have violated Plaintiff's First and Fourteenth Amendment rights to free speech and access to the courts; (3) the Defendants have conspired to deprive Plaintiff of his medical treatment in violation of the Equal Protection Clause and the Fourth Amendment; (4) Defendants failed to provide Plaintiff the rights enumerated in the New Jersey Patient Bill of Rights pursuant to *N.J.S.A.* 30:4:24.2, *et seq.* and (5) Defendant Correctional Medical Services, Inc. ("CMS") breached its contract with the Department of Corrections by failing to provide adequate medical treatment. On June 30, 2011, Plaintiff filed this application for *pro bono* counsel.

## II.  Legal Standard

In *Tabron v. Grace,* the Third Circuit established specific guidelines for determining whether the appointment of *pro bono* counsel is warranted. *See*, 6 F. 3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. *Id.* Only after a determination that an applicant's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in *Tabron*. *Id.* at 155. The additional *Tabron* factors include whether:

    (1)    the *pro se* party lacks the ability to present an effective case without an attorney;
    (2)    the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
    (3)    factual investigation will be necessary and the party is not adequately able to pursue said investigation;
    (4)    the case is likely to turn on credibility determinations;
    (5)    the case will require expert testimony; and
    (6)    the party is unable to attain and afford counsel on his/her own behalf.

*See, Parham v. Johnson*, 126 F. 3d 454, 357 (3d. Cir. 1997) *Tabron*, 6 F. 3d at 155-56.

Courts must consider the ability of the Plaintiff to present his or her case without the assistance of counsel. *Id.* at 156. In making this determination, courts "generally should consider the Plaintiff's education, literacy, prior work experience, and prior litigation experience." *Id.* Courts should "also consider the difficulty of particular legal issues…the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." *Id.*

### III. <u>Analysis</u>

In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a *pro se* plaintiff's complaint is held to a less stringent standard than pleadings filed by an attorney. *See, Haines v. Kerner,* 404 U.S. 519, 520 (1972). Moreover, the Court recognizes that civil rights allegations are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Id.*

In the present case, Plaintiff alleges that the Defendants were deliberately indifferent to his medical problems, specifically, a malignant melanoma on the side of his face. Plaintiff alleges that Defendants' behavior violates his constitutional rights. The Court finds that, while Plaintiff's claims require evidentiary support, Plaintiff has established that his claim has sufficient merit to allow the Court to proceed to the second stage of the *Tabron* analysis. *Tabron*, 6 F. 3d at 156.

Under this analysis, Plaintiff has not demonstrated that he lacks the ability to present an effective case. Plaintiff is literate, has access to a typewriter, and has demonstrated a sound understanding of his claims. Additionally, Plaintiff has shown the ability to accurately cite law

and perform research, and to present claims in an articulate manner. Furthermore, Plaintiff has filed numerous motions and *pro se* applications demonstrating a familiarity with the legal system. Additionally, the Court notes that Plaintiff had previous *pro bono* counsel who conducted extensive factual investigation on behalf of Plaintiff. Moreover, at this time, Plaintiff has not shown that he is unable to pursue further factual investigation if needed.

Finally, the ability of Plaintiff to obtain and afford counsel on his own behalf is a factor to be considered by the Court. Plaintiff states in his application that he is unable to retain an attorney because he is indigent. Notwithstanding, Plaintiff has not demonstrated that he requires an attorney at this time to pursue his claims. Based upon review of Plaintiff's Complaint and current application, the Court finds that appointment of *pro bono* counsel is not appropriate at this time.

## IV.  Conclusion

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of *pro bono* counsel is **denied**. An appropriate Order accompanies this Opinion.

**SO ORDERED**

_____
Joseph A. Dickson
United States Magistrate Judge

cc:   Hon. Claire C. Cecchi, U.S.D.J.