NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL HASHER,

    Plaintiff,

v.

GEORGE W. HAYMAN, et al.,

    Defendants.

Civil Action No. 2:08-cv-4105 (CCC) (JAD)

OPINION

**DICKSON, U.S.M.J.**

    This matter comes before the Court on its own initiative to consider the appointment of pro bono counsel for *pro se* plaintiff Michael Hasher ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the parties' previous submissions on this matter, and based upon the following, the Court shall *sua sponte* appoint pro bono counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e).

    I.    **Background.**

    Plaintiff commenced this action on August 15, 2008 by filing a Complaint pursuant to 42 U.S.C. §1983. Plaintiff is an involuntary civilly committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30-4:27.24, et seq. Plaintiff was originally housed in the Kearny facility for sexually violent predators ("SVPs"); however, on or about May 12, 2010, he was transferred to the Special Treatment Unit at East Jersey State Prison ("EJSP"). In his Complaint, Plaintiff alleged that he was either ignored or denied surgery for a malignant melanoma on his face for a period of at least sixteen months. Plaintiff asserted five claims for relief: (1) Defendants acted in violation of Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment by their deliberate indifference to his medical

needs; (2) Defendants violated Plaintiff's First and Fourteenth Amendment rights to free speech and access to the courts; (3) Defendants conspired to deprive Plaintiff of his medical treatment in violation of the Equal Protection Clause and the Fourth Amendment; (4) Defendants failed to provide Plaintiff the rights enumerated in the New Jersey Patient Bill of Rights pursuant to N.J.S.A. 30:4:24.2, et seq. and (5) Defendant Correctional Medical Services, Inc. ("CMS") breached its contract with the Department of Corrections by failing to provide adequate medical treatment.

The Court previously appointed Plaintiff pro bono counsel on February 10, 2009. (Order, ECF No. 30). Plaintiff's prior pro bono counsel represented Plaintiff until May 4, 2011 (Orders, ECF Nos. 67, 68), and conducted extensive factual investigation on behalf of Plaintiff during such time. Following the withdrawal of Plaintiff's prior pro bono counsel, Plaintiff re-applied for appointed counsel on June 30, 2011 (Appl. Pro Bono Counsel, ECF No. 76). The Court denied Plaintiff's application on August 22, 2011 (Order, ECF No. 82).

On March 27, 2013, the Court denied the summary judgment motion filed by various defendants in this action. (Order, ECF No. 128). Given the current posture of this case, the Court has decided, *sua sponte*, to consider whether the interests of justice require the appointment of counsel to assist Plaintiff in the prosecution of this case.

**II.     Legal Standard.**

"Where an unrepresented Plaintiff in a civil suit is indigent, and where good cause exists for the appointment of pro bono counsel under 28 U.S.C.1915(e)(1), the District Court has discretion and authority to appoint pro bono counsel even in the absence of a specific motion to do so." Brandt v. Ganey, CIVA3:06CV5639FLW, 2008 WL 5416393, *1 (D.N.J. Dec. 22, 2008) (citing Williams v. Hayman, 488 F. Supp. 2d 446, 447 (D.N.J.2007)). The Court has

broad discretion to determine on a case-by-case basis whether to appoint counsel to a *pro se* plaintiff. Role v. Local 3 P.M. & S.E. Union, CIV.A. 08-CV-6011, 2011 WL 52524 (D.N.J. Jan. 6, 2011) (citing Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993)). The Court may appoint counsel upon motion or *sua sponte* if deemed necessary. Tabron v. Grace, 6 F.3d at 156.

In determining whether to appoint counsel, as a threshold matter, the Court must analyze the substance of the plaintiff's underlying claim for merit before engaging in any further evaluation. See id. at 155. Only after a determination that a plaintiff's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in Tabron. See id. These include whether:

> (1) the *pro se* party lacks the ability to present an effective case without an attorney;
> (2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (4) the case is likely to turn on credibility determinations;
> (5) the case will require expert testimony; and
> (6) the party is unable to attain and afford counsel on his/her own behalf.

See Parham v. Johnson, 126 F.3d 454, 357 (3d Cir.1997); Tabron, 6 F.3d at 155–56. However, although these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. Tabron, 6 F.3d at 157. Furthermore, the Court need not find that each of the Tabron factors is met before appointing pro bono counsel. Brandt v. Ganey, 2008 WL 5416393, at * 11 (D.N.J. Dec. 22, 2008).

### III. Analysis.

As a primary matter, the Court finds that Plaintiff's case has merit, particularly in light of the fact that the Complaint recently withstood summary judgment.

The Court also finds that the interests of justice require that an attorney assist Plaintiff at this procedural juncture. First, the Court must consider the ability of the plaintiff to present his or her case without the assistance of counsel. See Tabron, 6 F.3d at 156. A review of the history of motions and applications filed by Plaintiff from the onset of this matter demonstrates that Plaintiff has consulted the rules, statutes, and some case law but lacks the legal training to effectively present his case in federal court in accordance with the Federal Rules of Civil Procedure and other applicable law. Accordingly, the Court finds that the administration of this litigation, now over four years old, will greatly benefit from the efficiency and clarity that would result from the appointment of an experienced trial attorney familiar with federal practice and federal rules as counsel for Plaintiff. See Role v. Local 3 P.M. & S.E. Union, CIV.A. 08-CV-6011, 2011 WL 52524, *2 (D.N.J. Jan. 6, 2011).

In addition, this Court concludes that factors such as the potential need for expert testimony and the possibility that credibility determinations will play a significant role in the resolution of Plaintiff's claims at trial weigh in favor of the appointment of counsel. Plaintiff's claims are medical in nature insomuch as Plaintiff essentially alleged that Defendants failed to adequately respond to a malignant melanoma on his face which, in turn, violated his constitutional rights. The nature of this case and the factual issues that are involved require special consideration of these factors, particular given that the District Court, in denying summary judgment, specifically identified factual issues that touch upon complex medical issues and credibility, such as whether defendants had knowledge of the tumor(s) on Plaintiff's face and, if so, whether their response constituted reckless disregard or gross negligence with respect to Plaintiff's health. (Opinion 12-15, ECF No. 127).

Although the Court has considered each of the additional Tabron factors, including the practical restraints of appointing such counsel, the Court nevertheless concludes that appointing pro bono counsel is necessary and appropriate in these circumstances due to the potential medical expert and credibility issues and their effect Plaintiff's ability to effectively present his case. These points outweigh the other factors that mitigate against appointment. See Mims v. McCall, CIV.A.06-4551(GEB), 2009 WL 1046175 (D.N.J. Apr. 20, 2009)

IV. **Conclusion.**

For the foregoing reasons, the Court hereby refers this matter to the Officer of the Clerk for the appointment of counsel pursuant to Appendix H to the Local Civil Rules, Procedures Governing Appointment of Attorneys in *Pro Se* Civil Actions.

**SO ORDERED**

_____  4/18/13
Joseph A. Dickson, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.